872 A.2d 1050

IN THE MATTER OF ALLEN C. MARRA,
AN ATTORNEY AT LAW.

May 3, 2005.

ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 04–320, concluding that **ALLEN C. MARRA** of **MONTCLAIR,** who was admitted to the bar of this State in 1967,

and who has been suspended from the practice of law since March 22, 2002, pursuant to Orders of the Court filed on February 7, 2002, and February 28, 2002, should be suspended from the practice of law for a period of three years for violating *RPC* 5.5(a) (unauthorized practice of law—practicing law while suspended), *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d)(conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further concluded that respondent should complete certain legal education courses and that on reinstatement to practice, respondent should practice law under supervision;

And good cause appearing;

It is ORDERED that **ALLEN C. MARRA** is suspended from the practice of law for a period of three years and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to reinstatement to practice, respondent shall enroll in and complete ten hours of courses in professional responsibility and trust accounting approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review

Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.